(Pleito No. 131.—Fallado el 25 de Junio de 1901.)

## Fernández contra Roig.

Recurso contra sentencia dictada por la Corte de Distrito de Mayagüez.

Ejecución de hipoteca. Es indispensable para que una hipoteca quede válidamente constituída que el documento en que se constituya sea inscrito en el Registro de la Propiedad. La Orden General de 19 de Enero de 1,899 aclarada por la de 31 del mismo mes, no suspende los procedimientos ejecutivos para hacer efectivo un crédito meramente personal escriturario, siendo únicamente aplicable á la ejecución de hipotecas inscritas en debida forma.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y cinco de Junio de mil novecientos uno, en los autos del juicio ejecutivo seguido en el Tribunal del Distrito de Mayagüez por Don Antonio Roig y Torrellas contra Don Isidro Fernández Sanjurjo, en cobro de pesos, pendientes ante Nos en virtud de recurso de casación por infracción de ley, interpuesto por el ejecutado Don Isidro Fernández Sanjurjo, representado por su Abogado defensor Don Rafael Palacios Rodríguez, representando al ejecutante Don Antonio Roig su Abogado defensor Don Herminio Díaz Navarro.— Resultando: Que por escritura pública otorgada en la Ciudad de Mayagüez ante el Notario de la misma Don Mariano Riera Palmer, en veinte y seis de Diciembre de mil ochocientos noventa y seis, Don Antonio Roig Torrellas, comerciante y vecino de Humacao, vendió á Don Juan Torrellas y Ramírez, propietario y vecino de dicha Ciudad de Mayagüez, el condominio proindiviso que le correspondía

en la mitad de la hacienda denominada "Zulema", radicada en el barrio de Algarrobos, del término municipal de Mayagüez, en precio y cantidad de dos mil quinientos pesos, moneda corriente, pagaderos á razón de quinientos pesos anuales á partir desde el treinta de Marzo del año siguiente de mil ochocientos noventa y siete hasta el de mil novecientos uno inclusive; quedando mientras tanto hipotecado el mismo condominio vendido hasta el efectivo pago de los plazos estipulados; cuya hipoteca no ha sido inscrita en el Registro de la Propiedad.—Resultando: Que posteriormente, ó sea por escritura otorgada en la misma Ciudad de Mayagüez y ante el mismo Notario, en veinte y siete de Noviembre del año siguiente de mil ochocientos noventa y siete, Don Juan Torrellas y Ramírez vendió á Don Isidro Fernández Sanjurjo y Skerret, un pedazo de terreno de sesenta y siete cuerdas con setenta y ocho centésimas, equivalentes á veinte y seis hectáreas, noventa y cinco áreas y cincuenta y ocho centiáreas, radicado en el barrio de Algarrobos, del término municipal de dicha Ciudad, que le correspondía como resto de la hacienda "Zulema," compuesta de noventa y dos cuerdas de terreno, con noventa y ocho centésimas de otra, que hubo por cesión de Don Pablo Roig y Torrellas y venta por el hermano de éste Don Antonio de los mismos apellidos, en precio de tres mil pesos, moneda corriente, de los cuales quinientos recibió el vendedor en el acto del otorgamiento de la escritura, y el resto de dos mil quinientos pesos, se lo reservó el comprador para pagar la hipoteca constituída á favor de Don Antonio Roig y Torrellas por la escritura de venta de condominio de veinte y seis de Diciembre del año anterior; de cuya última escritura tampoco se ha tomado razón en el Registro de la Propiedad.—Resultando: Que en diez y ocho de Abril del año próximo pasado el Abogado Don Luis Campillo, á nombre de Don Antonio Roig, vecino de Humacao, formuló demanda ejecutiva en el Tribunal de Distrito de Mayagüez contra Don Isidro Fernández Sanjurjo por el importe de los

plazos vencidos en los años de mil ochocientos noventa y siete, noventa y ocho y noventa y nueve, de la referida escritura de veinte y seis de Diciembre de mil ochocientos noventa y seis, de la que acompañó la oportuna copia primordial, así como de la posterior de veinte y siete de Noviembre de mil ochocientos noventa y siete, y cuyos plazos había dejado de pagarle el deudor Sr. Sanjurjo y que, despachada la ejecución contra éste, se le embargaron bienes y citó de remate en cuyo estado se opuso á la ejecución pidiendo se declarara nulo el juicio, alzándose el embargo practicado, con las costas al ejecutante y alegando como fundamento de su solicitud que las Órdenes Generales de diez y nueve y treinta y uno de Enero de mil ochocientos noventa y nueve, exigían como trámite previo á la ejecución de hipotecas sobre fincas rústicas, el requerimiento al deudor por el pago de los intereses vencidos y no satisfechos, y que sólo á falta de pago de éstos podrá entablarse la demanda ejecutiva, sustanciándose del modo y forma que determina la Ley de Enjuiciamiento Civil, y que sustanciada la oposición por todos sus trámites en siete de Noviembre último, dictó sentencia el Tribunal de Distrito de Mayagüez, declarando sin lugar la oposición y mandando seguir la ejecución adelante hasta hacer trance y remate de los bienes embargados, y con su producto, entero y cumplido pago al ejecutante de la cantidad reclamada, sus intereses legales y las costas.—Resultando: Que contra esta sentencia interpuso Don Isidro Fernández Sanjurjo recurso de casación por infracción de ley, que le fué admitido, y formalizó después, ante este Tribunal Supremo, fundándolo en los casos 1º y 4º del artículo 1,690 de la Ley de Enjuiciamiento Civil, y citando como disposiciones legales infringidas.—1º Las Órdenes Generales de diez y nueve y treinta y uno de Enero de mil ochocientos noventa y nueve, que exigen como trámite previo para la ejecución de los créditos hipotecarios sobre fincas rústicas, el requerimiento al deudor por el pago de los intereses vencidos y no satisfechos; debiendo entenderse, que

á falta de convenio es de requerirse por el pago de los intereses legales, á tenor de lo que prescribe el artículo 1,108 del Código Civil, cuya disposición resulta infringida también en la sentencia.—2.º El artículo 4.º del Código Civil, por cuanto, no siendo exigible el importe de los plazos sin el requerimiento previo al deudor, respecto de los intereses convenidos ó legales, son nulas las actuaciones practicadas á instancias del ejecutante, toda vez que es nulo lo actuado contra las leyes y disposiciones vigentes.—3.º El artículo 1,256 del repetido Código Civil, en razón á que estando obligado el acreedor hipotecario á inscribir su título en el Registro de la Propiedad correspondiente, como lo ordena el artículo 1.º de la vigente Ley Hipotecaria, se deja al arbitrio del ejecutante el cumplimiento ó incumplimiento de lo estatuído.—4.º La doctrina legal de que los contratos no deben calificarse por el nombre que les den los contratantes ó uno de ellos, en el mero hecho de desconocerse que la escritura que sirvió de base á la ejecución es un contrato hipotecario por lo que se viola en dicho fallo la jurisprudencia establecida por el Tribunal Supremo de España en las sentencias de veinte y ocho de Enero de mil ochocientos cincuenta y nueve, dos de Julio de mil ochocientos setenta y dos, y treinta de Abril de mil ochocientos ochenta y cuatro.—5.º El artículo 1,281 del mismo Código Civil, porque no tratándose de prelación, clasificación de créditos ni de su graduación, sino de la virtualidad ó ineficacia de un procedimiento ejecutivo dirigido contra un deudor hipotecario que no fué previamente requerido para el pago de intereses, es inaplicable la doctrina de que para la validez del contrato hipotecario debió registrarse éste, dejándose á merced del acreedor el hecho de acudir ó no al Registro para que su crédito sea hipotecario ó simplemente escriturario, según convenga á los fines del reclamante, con lo que se infringe el artículo citado del Código que preceptúa debe estarse al sentido literal de las cláusulas de los contratos cuando sus términos sean explícitos y claros.—6.º Porque el fallo envuelve contradicciones tan

ostensibles como la de reconocer en una parte que se trabó ejecución en los bienes hipotecados y negar más tarde el carácter de hipotecario al contrato que sirvió de fundamento á la ejecución despachada.—Visto:   Siendo Ponente el Presidente del Tribunal Don José S. Quiñones.—Considerando :   Que el beneficio concedido por la Orden General de diez y nueve de Enero de mil ochocientos noventa y nueve á los agricultores de esta Isla, al declarar en suspenso por el término de un año el procedimiento ejecutivo sumario de la Ley Hipotecaria para hacer efectivos créditos contra toda clase de fincas agrícolas, sólo era aplicable á los créditos asegurados con hipoteca, siempre que por los deudores se pagaran los intereses convenidos que no excedieran del tipo máximo del doce por ciento anual, pero no á los créditos personales ó que no estuvieran asegurados con aquella garantía, como así lo declaró expresamente la Orden General de treinta y uno del mismo mes de Enero al fijar la verdadera inteligencia y alcance de la anterior del diez y nueve del citado mes, que no había sido bien entendida.—Considerando :   Que según el artículo 1,875 del nuevo Código Civil, además de los requisitos exigidos en el 1,857 del mismo Código, es indispensable para que la hipoteca quede válidamente constituída, que el documento en que se constituya sea inscrito en el Registro de la Propiedad y que no habiéndolo sido hasta la fecha de la demanda la escritura de venta de veinte y seis de Diciembre de mil ochocientos noventa y seis, de la que se deriva el crédito que Don Antonio Roig ha tratado de hacer efectivo contra Don Isidro Fernández Sanjurjo, no tiene otro carácter dicho crédito que de meramente personal escriturario con el que se ha reclamado su pago en la demanda ejecutiva; y por consiguiente que no siendo aplicable al caso la Orden General de diez y nueve de Enero de mil ochocientos noventa y nueve, aclarada por la posterior de treinta y uno del mismo mes, no han podido ser infringidas en la sentencia, como tampoco las demás disposiciones legales que se citan, haciéndose supuesto de la cuestión en los motivos 1º, 2º, 4º

y 5º del recurso.—Considerando: Que habiendo sido convenida la hipoteca en la escritura de veinte y seis de Diciembre de mil ochocientos noventa y seis, exclusivamente en beneficio del vendedor Don Antonio Roig y Torrellas, ha podido éste renunciar el derecho establecido en su favor dejando de gestionar la inscripción de la hipoteca en el Registro de la Propiedad sin agravio del recurrente Don Isidro Fernández Sanjurjo, que como deudor subrogado pudo también agenciar la inscripción si hubiera visto convenirle, á tenor de lo dispuesto en el artículo 6º de la Ley Hipotecaria vigente por lo que tampoco se ha infringido el artículo 1,256 del mismo Código Civil que se cita en el tercer motivo del recurso.—Considerando, respecto del sexto y último motivo: Que tampoco es admisible, pues para que el recurso de casación por infracción de ley sea procedente por el motivo comprendido en el caso 4º del artículo 1,692 de la Ley de Enjuiciamiento Civil es indispensable que las disposiciones contradictorias á que dicho motivo se refiere, se hayan cometido en la parte dispositiva del fallo; y en el presente caso al declarar la sentencia recurrida sin lugar la oposición formulada por el recurrente Don Isidro Fernández Sanjurjo, mandando seguir la ejecución adelante hasta hacer trance y remate de los bienes embargados y con su producto entero y cumplido pago al ejecutante de la cantidad reclamada, intereses legales y las costas del juicio, lejos de contener disposiciones contradictorias son éstas entre sí perfectamente armónicas y congruentes.—Considerando por lo tanto: Que el recurso interpuesto no es procedente por ninguno de los motivos en que se funda.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por Don Isidro Fernández Sanjurjo á quien condenamos en las costas; y devuélvanse los autos al Tribunal del Distrito de Mayagüez con la certificación correspondiente.—Así por esta nuestra sentencia que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José M.ª Figueras.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Presidente del Tribunal Supremo, Don José S. Quiñones, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario sustituto, en Puerto Rico á veinte y cinco de Junio de 1901.— Eugenio Alvarez, *Secretario sustituto*.